# EXHIBIT 1

Filing # 160630267 E-Filed 11/04/2022 09:50:19 AM

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA

Case No.

MAIRIN GONZALEZ,

    Plaintiff,

vs.

BREADFRUIT TREE, INC,
dba NFSKIN

    Defendant.

_____/

## COMPLAINT

1. MAIRIN GONZALEZ, ("Plaintiff"), brings this action against BREADFRUIT TREE, INC, dba NFSKIN ("Defendant") alleging as follows:

### JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

### PARTIES, VENUE, AND JURISDICTION

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendant is an employer within Miami-Dade County, which at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil Rights Act (FCRA), Title VII of the Civil Rights Act (Title VII), and the Pregnancy Discrimination Act (PDA). Defendant is otherwise *sui juris*.

5. Venue is proper in Miami-Dade County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") reside in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed, a Right to Sue Letter issued, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state, and/or local laws.

## COUNT 1
### Discrimination - Sex/Pregnancy - Title VII & FCRA

9. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

10. At all relevant times, Plaintiff was an employee of Defendant.

11. At all relevant times, Plaintiff was and was qualified to work for Defendants.

12. Plaintiff started working for Defendant on April 3, 2019 and was terminated on June 17, 2020.

13. Plaintiff's protected category is her Sex/Pregnancy.

14. Plaintiff was selected for layoff/termination due to her pregnancy.

15. Defendant selected about 6 out of 20 employees for termination/layoff. It is telling that 2 out of the 6 employees were pregnant and the others had small children/toddlers.

16. Defendant's reason for termination is pretextual, i.e. that the layoffs/termionations were due to covid, as despite Defendant's claim Defendant hired a male shortly after terminating Plaintiff and Defendant called back 3 employees who were terminated but not pregnant.

17. Plaintiff's protected category was the motivating factor for termination as there was no other reason for such action.

18. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

19. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

20. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

21. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

22. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

23. Plaintiff hereby requests a jury trial.

24. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: November 4, 2022              Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
Office: 305-942-8070
Email: an@anlawfirm.com
*Counsel for Plaintiff*